No. 13,903.

CLEMENSON *v.* BRUEN.

(56 P. [2d] 20)

Decided February 24, 1936. Rehearing denied March 23, 1936.

Mr. Chas. E. Friend, for plaintiff in error.

Mr. Samuel J. Frazin, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

At a jury trial of a suit brought by Bruen, defendant in error, on a promissory note, judgment was entered on the verdict against Clemenson, plaintiff in error, the maker, who assigns error.

Clemenson gave the note for $432.90, due in four months, to Helstrom, a life insurance agent, for a policy premium. Bruen, endorsee, after maturity, four years later brought this suit. Clemenson defended on the ground that the execution and delivery of the note was not absolute, but that it was executed and delivered upon the condition, that he would not be able to pay it unless a certain deal, then pending, was completed. Clemenson so testified, and detailed the conversation which he had with Helstrom concerning the so-called deal. This conversation was overheard, and related on the stand in general corroboration, by Garbarino, a witness for Clemenson. The note is regular in form, containing no condition on its face, and admittedly is signed by Clemenson. Helstrom, a witness for plaintiff, admitted generally the conversation to which Clemenson testified, but denied the condition as stated by him, that he would not have to pay the note unless the deal went through. Apparently this deal, upon which the claimed condition was based, never was consummated.

Counsel for Clemenson contends that the evidence is insufficient to sustain the verdict, and that there is no

conflict in the evidence which, he says, establishes the conditional delivery of the note. He further says, "We readily concede, that if a conflict is created by plaintiff's only witness, Helstrom, our assignments are not good." Opposing this contention, counsel for plaintiff says that the last question and answer appearing in the transcript of Helstrom's testimony, if there was nothing else, was sufficient to create a conflict. That was:

"Q. Did you make an agreement with Mr. Clemenson at the time he signed the note to the effect that Mr. Clemenson would not have to pay the note, only on the condition and only in the event that this said deal would go through? A. No, sir."

Counsel for Clemenson argues that this was a conclusion of the witness and no evidence at all, in support of which he relies upon the case of *McKee Livestock Co. v. Menzel,* 70 Colo. 308, 201 Pac. 52. We do not believe this case to be in point. The very essence of the condition claimed by Clemenson was an oral understanding and agreement had with the witness Helstrom. This was alleged in his answer. The denial of the condition as above quoted by one of the parties to the transaction created such a conflict as authorized the court to submit the facts to the jury, which it very properly did, by the following instruction:

"If you find from a preponderance of the evidence that said note was executed and delivered conditionally, as claimed by defendant, then you should find the issue herein joined for defendant. Otherwise you should find the issue herein joined for plaintiff and return a verdict in favor of the plaintiff * * *."

The verdict and judgment based thereon will not be disturbed.

Judgment affirmed.

MR. JUSTICE BURKE, sitting for MR. CHIEF JUSTICE CAMPBELL, and MR. JUSTICE HILLIARD concur.